UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIFFANY L. ROYSTER, | : | **CIVIL NO. 1:10-CV-2651** |
| | : | |
| Plaintiff | : | (Chief Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| T.R. SNIEZEK, et al., | : | |
| | : | |
| Defendants | : | |

## <u>REPORT AND RECOMMENDATION</u>

Dale Hart died in prison from complications of multiple myeloma. His daughter claims that the defendants failed to provide him adequate medical care. Because the plaintiff has failed to properly serve them, we recommend that five of the named defendants be dismissed. We also recommend that the claims under the Federal Tort Claims Act and the Americans with Disabilities Act be dismissed. We recommend that summary judgment be granted to defendant Steffan. We further recommend that the case be remanded to the undersigned for further proceedings as to the claims against the yet unnamed defendants.

I.  Background and Procedural History.

        On December 28, 2010, the plaintiff, Tiffany L. Royster

acting as the Administratrix of the Estate of Dale Hart,

commenced this action by filing a complaint.  Before his death,

Dale Hart was a prisoner at the Federal Correctional

Institution at Schuylkill, Pennsylvania.

        The complaint names the Federal Bureau of Prisons (BOP)

and the following individuals as defendants: T.R. Sniezek, the

Warden of FCI-Schuylkill; Russell C. Hendershot and Eileen

Falzini, health services administrators at FCI-Schuylkill;

Kenton Hubble, David N. Steffan, and Brigida Zabala,

physician's assistants at FCI-Schuylkill; and various unknown

agents and employees of the BOP.

        The plaintiff alleges the following facts in the

complaint.

Prior to his admission to FCI-Schuylkill in November of 2007, Dale Hart had been treated by a physician for amyloidosis, a condition involving the abnormal growth and accumulation of proteins.  At the time of his admission, his condition had caused clearly visible nodules on the sides of his neck and he was experiencing severe and continuous breathing difficulties from growths located in his sinus and nasal cavities.  His condition was such that it was obvious that he had a highly unusual condition which required medical testing, evaluation, and treatment.  He requested medical help from the staff at FCI-Schuylkill for severe pain in his nasal passages and head.  The defendants, however, did nothing to relieve his pain.  And they refused to refer him to an outside medical provider.  Instead, they placed him on a schedule for six-month periodic check ups.

Hart's pain increased and encompassed his neck and back as well as his nasal and sinus passages.  In August of 2008, a physician's assistant prescribed Motrin.  The defendants, however, again refused to provide a thorough medical evaluation, testing, or diagnosis.  By January of 2009, Hart

3

was suffering from excruciating pain in his neck, head, and right side.  The pain immobilized him.

In February of 2010, for the first time Hart received a medical test: a CT scan performed at an outside medical facility.  The results of that test were not disclosed to Hart or his family.  In late February of 2010, the defendants informed Hart that he was believed to be suffering from lymphoma, but they would not disclose the extent or stage of the disease to Hart or his family.  Hart continued to beg the medical staff for further testing, evaluation, diagnosis, and treatment, but he was told that the only available treatments would be over-the-counter analgesics.  By this time, much of Hart's nose and face had become numb and he was suffering from unremitting pain, fatigue, and loss of use of his limbs.  He could not perform any of the functions of normal, daily life. Eventually he became so weak and ill that he could not even attend sick call.  Although Hart's plight was obvious, the defendants still failed and refused to provide treatment.

As some unknown date, Hart was transferred from FCI-Schuylkill to the Federal Medical Center in Butner, North Carolina, where he died on May 13, 2010.  The stated cause of death was complications from multiple myeloma.

The complaint contains nine counts.  Count One is a *Bivens* claim.  Count Two is a Federal Tort Claims Act (FTCA) claim.  Count Three is labeled as a failure to train, supervise, or regulate staff claim.  Count Four is a malpractice claim.  Count Five is an Americans with Disabilities Act (ADA) claim.  Count Six is an intentional infliction of emotional distress claim.  Count Seven is a negligent infliction of emotional distress claim.  Count Eight is a Pennsylvania Wrongful Death Act claim.  Count Nine is a Pennsylvania Survival Act claim.

Upon motion of the BOP, the United States was substituted in place of the BOP as the defendant as to the FTCA claim.  Defendants Steffan and the United States filed a motion to dismiss the complaint and a separate motion for summary judgment.  Those motions have been briefed.

II.  Service of Process as to Defendants other than the BOP,
     the United States, and Steffan.

          Federal Rule of Civil Procedure 4(m) provides:

               If a defendant is not served within 120
          days after the complaint is filed, the court -
          on motion or on its own after notice to the
          plaintiff - must dismiss the action without
          prejudice against that defendant or order that
          service be made within a specified time.  But
          if the plaintiff shows good cause for the
          failure, the court must extend the time for
          service for an appropriate period.  This
          subdivision (m) does not apply to service in a
          foreign country under Rule 4(f) or 4(j)(1).

          After more than 120 days passed since the filing of

the complaint and there was no indication on the record that

the plaintiff had served the summons and complaint on the

defendants, we ordered the plaintiff to show cause, within 10

days, why the complaint should not be dismissed pursuant to

Fed.R.Civ.P. 4(m).  The plaintiff did not respond to the show

cause order.  Instead, the plaintiff filed a return of service

indicating that a private detective served the summons on a Lt.

Thomas Reisinger at FCI Schuylkill.  By a letter dated June 16,

6

2011, an assistant United States Attorney pointed out the deficiencies in service to the plaintiff's counsel. Pursuant to Fed.R.Civ.P. 4(m) and 4(i)(4), we extended the time for the plaintiff to properly serve the defendants. The plaintiff was ordered to properly serve the defendants and to file a return of service on or before August 22, 2011. The plaintiff did not file a return of service as ordered.

In their brief in support of their motion to dismiss and motion for summary judgment, defendants United States and Steffan assert that there are numerous procedural irregularities as to service on them, but that they are not challenging the service on them. Instead, they argue that the plaintiff has failed to properly serve the other named defendants who are no longer employed by the BOP.

In response, the plaintiff filed a certificate of service, which states that he served the complaint and summons by certified mail on the Civil Process Clerk of the United States Attorney in Williamsport, the Attorney General of the United States in Washington, D.C., the BOP's Cental Office in

Washington, D.C., and the Regional Director of the BOP in Philadelphia. *Doc. 22.*  The Certificate also states that additional copies of the complaint and summons for all of the defendants were given to American Expediting Company, a skilled, professional process server who attempted to serve them pursuant to the directions of the Northeast Regional Office of the BOP. *Id.*

In the plaintiff's brief in opposition to the motion to dismiss and the motion for summary judgment, the plaintiff's counsel states that he was advised by the BOP that service had to be arranged through the offices of Michael Tafelski of the Northeast Regional Office of the BOP.  He asserts that both he and American Expediting Company attempted to contact Tafelski's office, but they got no response other than that process had to be personally served by a state sheriff.  The state sheriff, however, declined to serve any form of federal process. Counsel states that he then completed mail service on the United States Attorney, the Attorney General, the BOP's Cental Office, and the Regional Director of the BOP.

The plaintiff's counsel asserts that the only problem with service in this case is that he failed to file the certificate of service in a timely manner. That is not the problem in this case. The problem is that the plaintiff has failed to properly serve defendants Sniezek, Hendershot, Falzini, Hubble, and Zabala. *See Fed.R.Civ.P. 4(i)(3)* and *4(e).* The plaintiff acknowledges in the complaint that these defendants are no longer employees at FCI-Schuylkill.[1]  Thus, the plaintiff's service on Lieutenant Reisinger at FCI Schuylkill is not proper service in accordance with Fed.R.Civ.P. 4(e) as to these defendants.[2]

"[T]he party asserting the validity of service bears the burden of proof on that issue." *Grand Entertainment Group,*

---

1. The plaintiff alleges that defendant Hendershot was a health services administrator at FCI-Schuylkill until approximately December 31, 2008, that defendant Falzini was a health services administrator there until approximately March 30, 2010, and that defendant Zabala was a physician's assistant there until January 30, 2010. The plaintiff alleges that defendant Sniezek was the warden at FCI-Schuylkill and that defendant Hubble was a physician's assistant there until approximately May 15, 2010.

2. Defendant Steffan, who is still employed at FCI-Schuylkill, does not challenge the service on him. Thus, we need not decide whether service on Lieutenant Reisinger is proper service on a current employee of FCI-Schuylkill.

*LTD. v. Star Media Sales, Inc.,* 988 F.2d 476, 488 (3d Cir. 1993).  Because proper service has not been made on defendants Sniezek, Hendershot, Falzini, Hubble, and Zabala, the plaintiff has not met her burden of proof.

Although not explicitly acknowledging the lack of proper service, the plaintiff asserts that the defendants had actual notice of this action.  But notice is not a substitute for service.  "Although notice underpins Federal Rule of Civil Procedure 4 concerning service, notice cannot by itself validate an otherwise defective service." *Grand Entertainment, supra,* 988 F.2d at 492.

Because the plaintiff has failed to properly serve defendants Sniezek, Hendershot, Falzini, Hubble, and Zabala in the time allowed by Fed.R.Civ.P. 4(m), the question is whether the court should dismiss those defendants or should grant the plaintiff a further extension of time to effect service. That determination involves a two-step inquiry. *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). First, the court must determine if good cause exists for the

plaintiff's failure to timely effect service. *Id*.  If good

cause exists, the court must extend time for service. *Id*.

Second, "[i]f good cause does not exist, the district court

must consider whether to grant a discretionary extension of

time." *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997).

Good cause requires good faith on the part of the party

seeking an enlargement and some reasonable basis for

noncompliance with the time specified in the rules. *MCI*

*Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086,

1097 (3d Cir. 1995).  Although prejudice is a factor to be

considered, the absence of prejudice to the opposing party

alone does not constitute good cause to excuse late service.

*Id*.  The court's primary focus in determining whether good

cause exists is on the plaintiff's reasons for not complying

with the time limit in the first place. *Boley, supra,* 123 F.3d

at 758.

Inadvertence of counsel and half-hearted efforts to

effect service do not constitute good cause. *See Petrucelli,*

*supra*, 46 F.3d at 1307.  Neither does the failure to read or

11

understand Rule 4. *Veal v. United States,* 84 Fed.Appx. 253, 256
(3d Cir. 2004).  Also, "reliance upon a third party or on a
process server is an insufficient basis to constitute good
cause for failure to timely serve, and is also an insufficient
basis for granting an extension of time to effect service."
*Petrucelli, supra*, 46 F.3d at 1307. *See also Veal, supra,* 84
Fed.Appx. at 256 (holding that reliance upon the advice of the
Clerk of Court did not constitute good cause).

In this case, the plaintiff's failure to effect proper
service on defendants Sniezek, Hendershot, Falzini, Hubble, and
Zabala appears to have resulted from either the mistaken
understanding or inadvertence of plaintiff's counsel and/or his
process servers.  But such does not constitute good cause for
not timely serving the defendants.

We next must consider whether other factors warrant
extending the time for service even though good cause has not
been shown. *See Boley, supra,* 123 F.3d at 758.  These factors
include whether the statute of limitations has run on the
underlying cause of action, whether the defendants evaded

service or concealed a defect in attempted service, whether the plaintiff is represented by counsel, whether the defendants will be prejudiced by allowing late service which includes whether they had actual notice of the suit in a timely manner, and any other factors that may be relevant in a particular case. *See Petrucelli, supra*, 46 F.3d at 1307; *Chiang v. United States SBA,* 331 Fed.Appx. 113, 116 (3d Cir. 2009).

First, we consider whether the statute of limitations has run on the claims against defendants Sniezek, Hendershot, Falzini, Hubble, and Zabala.  Dismissal under Fed.R.Civ.P. 4(m) is without prejudice.  If the statute of limitations has not run, as a practical matter, a dismissal without prejudice and an extension of time to effect service have the same effect. *Petrucelli, supra*, 46 F.3d at 1304 n.6.  But when the statute of limitations has run, a dismissal, even one without prejudice, will result in the plaintiff's claims being barred. *Id.*

The statute of limitations applicable to a *Bivens* claim is the state statute of limitations for personal injury claims.

*Napier v. Thirty of More Unidentified Federal Agents*, 855 F.2d
1080, 1087-88 n.3 (3d Cir. 1988).   In Pennsylvania, the
applicable statute is 42 Pa.C.S. § 5524(2), which provides a
two-year limitations period. *See Fitzgerald v. Larson*, 769 F.2d
160, 162 (3d Cir. 1985).   The limitations period begins to run
when the plaintiff knows or has reason to know of the injury
that constitutes the basis for the action. *Sandutch v. Muroski*,
684 F.2d 252, 254 (3d Cir. 1982)(per curiam).

As the plaintiff alleges that defendant Hendershot was
only at FCI-Schuylkill until approximately December 31, 2008,
that defendant Falzini was there only until approximately March
30, 2010, and that defendant Zabala was there only until
January 30, 2010, the statute of limitations has run on the
claims against those defendants.   The plaintiff alleges that
defendant Sniezek was the warden at FCI-Schuylkill and that
defendant Hubble was a physician's assistant there until
approximately May 15, 2010.   The complaint, however, is not
clear as to whether and, if so, on what dates, these defendants
are alleged to have been involved with the plaintiff's medical
care.   Thus, it is not clear whether the statute of limitations

has run as to these defendants.  But for purposes of
determining whether to dismiss the claims against these
defendants or grant an extension of time for service, we will
assume that the statute of limitations has run such that if the
plaintiff is not granted an extension of time for service in
this case his claims against those defendants would be barred.

The fact that the statute of limitations has run
weighs in favor of granting an extension of time to effect
service rather than dismissal.  But the running of the statute
of limitation does not require the court to extend time for
service. *Petrucelli, supra*, 46 F.3d at 1306.  Otherwise, the
statute of limitations would be nullified.

Turning to the other factors, there is no evidence that
defendants Sniezek, Hendershot, Falzini, Hubble, and Zabala
evaded service.  Nor is there any evidence of an attempt to
conceal a defect in attempted service.  In fact, the United
States Attorney informed the plaintiff of the defective
service.  Thereafter, the plaintiff, who is represented by
counsel, nevertheless still failed to perfect service.

15

The more stale a claim becomes, the more likely that a defendant may be prejudiced by the lack of timely service. *Gonzalez v. Thomas Built Buses, Inc.,* 268 F.R.D. 521, 528 (M.D.Pa. 2010)(Munley, J.).  But there has been no evidence presented in this case that defendants Sniezek, Hendershot, Falzini, Hubble, and Zabala have been prejudiced by the lack of timely service.  Although there is no evidence of prejudice, we reject the plaintiff's suggestion that the defendants have not been prejudiced because they had actual notice of this action. There is no evidence and no reasonable basis to assume that the plaintiff's service on Lieutenant Reisinger at FCI Schuylkill provided defendants Sniezek, Hendershot, Falzini, Hubble, and Zabala, who are alleged to have left FCI-Schuylkill years ago, with actual notice of this action.

The Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1.  "Often that will mean that courts should strive to resolve cases on their merits whenever possible." *McCurdy v. American Bd. of Plastic Surgery,* 157 F.3d 191, 197

16

(3d Cir. 1998).  But "justice also requires that the merits of a particular dispute be placed before the court in a timely fashion so that the defendant is not forced to defend against stale claims." *Id.*  In this case, the plaintiff filed the complaint on December 28, 2010, but she still has failed to effect proper service on defendants Sniezek, Hendershot, Falzini, Hubble, and Zabala.  And she failed to do so even after the defects in service were pointed out to her. Inexplicably, she has not requested an extension of time to effect service, and there is no indication that she has sought current addresses for defendants Sniezek, Hendershot, Falzini, Hubble, and Zabala to be able to effect service if an extension of time were granted.  Although the running of the statute of limitations weighs in favor of granting an extension of time to effect service, the other factors outweigh that factor and weigh in favor of dismissal.  So, we will recommend that the claims against defendants Sniezek, Hendershot, Falzini, Hubble, and Zabala be dismissed without prejudice pursuant to Fed.R.Civ.P. 4(m).

III. Federal Tort Claims Act.


     The United States contends that the FTCA claim should

be dismissed because neither the plaintiff nor Hart filed an

administrative tort claim and because exhaustion of

administrative remedies is a prerequisite to an FTCA claim.

The plaintiff does not dispute that no administrative tort

claim has been filed.  Instead, even though the complaint

refers to the FTCA and one of the counts of the complaint is

titled as an FTCA claim, the plaintiff now argues that the

complaint does not raise an FTCA claim.  Despite the invalidity

of that argument, since the plaintiff is no longer pursuing an

FTCA claim and since she does not dispute that an

administrative tort claim was not filed, we will recommend that

the FTCA claim be dismissed.[3]


     We note that plaintiff appears to be attempting to

assert nonconstitutional claims against the defendants outside

_____

3.  Since the plaintiff asserts that she is not pursuing an FTCA
medical malpractice claim, we do not need to address the United
States' argument that such a claim should be dismissed because the
plaintiff failed to file a certificate of merit.

18

of the FTCA.  But, except for constitutional claims, the FTCA
is the exclusive remedy for the negligence or wrongful acts of
federal employees acting within the scope of their employment.
28 U.S.C. § 2679(b)(1) provides that the remedy against the
United States pursuant to the FTCA "for injury or loss of
property, or personal injury or death arising or resulting from
the negligent or wrongful act or omission of any employee of
the Government while acting within the scope of his office or
employment is exclusive of any other civil action or proceeding
for money damages by reason of the same subject matter against
the employee whose act or omission gave rise to the claim or
against the estate of such employee."  Section 2679(b)(1)
further provides that "[a]ny other civil action or proceeding
for money damages arising out of or relating to the same
subject matter against the employee or the employee's estate is
precluded without regard to when the act or omission occurred."
Because there are no allegations in the complaint that would
lead to a reasonable inference that the defendants were not
acting within the scope of their employment, the plaintiff may
not pursue negligence claims or the state law intentional

infliction of emotional distress, wrongful death, and survival claims against the defendants outside of the FTCA.

IV.  The Americans with Disabilities Act.

Count Five of the complaint is a claim under the ADA.

The ADA provides, in pertinent part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C.A. § 12132.  The ADA defines a "public entity" to include state and local governments and agencies. 42 U.S.C.A. § 12131(1).  But the definition of "public entity" does not include the United States Government, federal agencies, or federal employees.  So, it will be recommended that the ADA claims be dismissed.

V.   Defendant Steffan.

Defendant Steffan seeks summary judgment on the basis
that he lacked personal involvement in the alleged violation of
Hart's constitutional rights and that he never denied him
medical treatment.

"'Summary judgment is proper if there is no genuine
issue of material fact and if, viewing the facts in the light
most favorable to the non-moving party, the moving party is
entitled to judgment as a matter of law.'" *The Circle School
v. Pappert*, 381 F.3d 172, 177 (3d Cir. 2004)(quoting *Pi Lambda
Phi Fraternity, Inc. v. Univ. of Pittsburgh*, 229 F.3d 435, 441
n.3 (3d Cir. 2000)).

Defendant Steffan filed a statement of material facts.
The plaintiff did not file a response to the statement of
material facts.  So, in accordance with Local Rule 56.1, the
material facts set forth by defendant Steffan are deemed not
to be in dispute.  Those facts establish that defendant
Steffan was not Dale Hart's primary care provider, that he was

not involved in the treatment of his myeloma condition, and that he did not deny him treatment.  On one occasion in March of 2008, defendant Steffan examined Hart, who had reported to sick call complaining of a cough.  Defendant Steffan diagnosed him with a temporary cough and prescribed medication for a three-day period.  He had no further encounters with Hart.

Liability in a *Bivens* action may not be based on *respondeat superior,* and "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1948-1949 (2009).  In order to establish a viable Eighth Amendment medical care claim, a prisoner must establish that the defendant acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976).

Based on the undisputed facts, a reasonable trier of fact could not conclude that defendant Steffan was personally involved in denying Hart treatment or that he was deliberately

indifferent to Hart's serious medical needs.  Accordingly,
defendant Steffan is entitled to summary judgment.[4]

The plaintiff asserts that summary judgment should not
be granted because discovery has not been started or
completed.  The defendants requested in the joint case
management plan that discovery be held in abeyance pending
decision on the motion to dismiss and the motion for summary
judgment.  At the case management conference, the undersigned
told counsel that the court would not stay discovery.  Later,
the defendants filed a notice indicating that the parties had
agreed among themselves to hold all discovery in abeyance
pending resolution of the motion to dismiss and motion for
summary judgment.  Under the Federal Rules of Civil Procedure,
the Local Rules of this Court and the case management order,
the plaintiff had no basis to agree without court approval to
stay discovery pending decision of a motion for summary
judgment and then argue that summary judgment should not be

_____

4.  Since we have determined that defendant Steffan is entitled to
summary judgment on the merits of the plaintiff's Eighth Amendment
claim, we do not address his argument that he is entitled to
qualified immunity.

granted because discovery has not started.  The plaintiff

cites "usual practice"; however, the rules and orders

applicable to this matter do not support this characterization

of practice.


VI. Recommendations.


     Based on the foregoing, it is recommended that the

motion (doc. 9) to dismiss and the motion (doc. 10) for

summary judgment be granted.  It is recommended that all

claims against defendants Sniezek, Hendershot, Falzini,

Hubble, and Zabala be dismissed pursuant to Fed.R.Civ.P. 4(m).

It is further recommended that the FTCA claim and the ADA

claim be dismissed and that defendant Steffan be granted

summary judgment.  We further recommend that the case be

remanded to the undersigned for further proceedings as the

claims against the defendants identified in the complaint as

"various unknown agents and employees of the Federal Bureau of

Prisons whose names and addresses are unknown and

undiscoverable at this time."

                                           ***/s/ J. Andrew Smyser***
                                           J. Andrew Smyser
                                           Magistrate Judge


Dated:  March 26, 2012.